

| | | | |
|---|---|---|---|
| SIDLEY AUSTIN LLP<br>787 SEVENTH AVENUE<br>NEW YORK, NY 10019<br>(212) 839 5300<br>(212) 839 5599 FAX | BEIJING<br>BOSTON<br>BRUSSELS<br>CHICAGO<br>DALLAS<br>FRANKFURT<br>GENEVA | HONG KONG<br>HOUSTON<br>LONDON<br>LOS ANGELES<br>NEW YORK<br>PALO ALTO<br>SAN FRANCISCO | SHANGHAI<br>SINGAPORE<br>SYDNEY<br>TOKYO<br>WASHINGTON, D.C. |
| dspenner@sidley.com<br>(212) 839 7375 | FOUNDED 1866 | | |

April 7, 2014

**By ECF**

The Honorable Laura Taylor Swain
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

   Re: *IKB International S.A., et al. v. J.P. Morgan Chase & Co., et al.*,
      Civ. No. 12-4617 (LTS)(KNF)

Dear Judge Swain:

  We represent the JPMorgan Defendants[1] and write on their behalf and on behalf of the Carrington Defendants[2] (together, "Defendants") in order to bring to the Court's attention two recent decisions that further support granting Defendants' pending motion to dismiss. Of particular note is the first decision discussed below, in which Judge Lewis A. Kaplan of this District dismissed similar fraud claims brought by IKB[3] against other defendants.

### *IKB International S.A., et al. v. Bank of America, et al.*, No. 12 Civ. 4036, slip op. (S.D.N.Y. Mar. 31, 2014)

  On March 31, 2014, the court in *IKB International S.A. v. Bank of America et al.* dismissed New York common law fraud claims brought by IKB, as assignee of a purchaser of approximately $56 million worth of residential mortgage-backed securities ("RMBS") issued by seven different trusts. In *IKB*, Judge Kaplan accepted U.S. Magistrate Judge Pitman's 62-page report and recommendation (the "R&R") which recommended dismissing the complaint because IKB failed to allege any actionable misrepresentations, failed to allege scienter, and lacked

---

[1] The JPMorgan Defendants are JPMorgan Chase & Co., JPMorgan Chase Bank, N.A. ("JPMCBNA"), J.P. Morgan Securities LLC (formerly known as J.P.Morgan Securities Inc.), J.P. Morgan Mortgage Acquisition Corporation, J.P. Morgan Acceptance Corporation I, Chase Home Finance LLC (succeeded-by-merger by JPMCBNA), EMC Mortgage Corporation (now known as EMC Mortgage LLC), Structured Asset Mortgage Investments II Inc., Bear Stearns Asset Backed Securities I, and Bear Stearns & Co. Inc. (succeeded-by-merger by J.P. Morgan Securities LLC).
[2] The Carrington Defendants are Carrington Holding Company, LLC, Carrington Capital Management L.L.C., Carrington Securities, LP, and Stanwich Asset Acceptance Company, L.L.C.
[3] Plaintiffs are IKB International S.A. in Liquidation and IKB Deutsche Industriebank AG (together, "IKB").



The Honorable Laura T. Swain
April 7, 2014
Page 2

reliance.  Judge Kaplan also accepted Magistrate Judge Pitman's recommendation to dismiss IKB's claims for negligent misrepresentation, fraudulent concealment, and aiding and abetting fraud.  In the R&R, Magistrate Judge Pitman explained that IKB's complaint failed for several independent reasons, several of which we bring to Your Honor's attention in this letter.[4]  The decision is attached as Exhibit A and the R&R is attached as Exhibit B.

**Failure to allege actionable misrepresentations**

Judge Kaplan and Magistrate Judge Pitman held that IKB failed to allege any actionable misrepresentations for a number of reasons.  *First*, with respect to allegations concerning appraisals and loan-to-value ratios ("LTVs"), the R&R found that IKB's "vague allegations are insufficient to allege that defendants knew the appraisals and resulting LTV and CLTV ratios were inaccurate because they do not identify what was discovered in the due diligence review that provided defendants with knowledge."  R&R at 22.  In particular, Magistrate Judge Pitman rejected IKB's allegations based upon Clayton Holdings' analyses as a basis for Defendants' knowledge of the purported fraud.  *Id.*  Moreover, Magistrate Judge Pitman did not credit IKB's attempts to allege defendants' knowledge based on "generally fraudulent practices in the RMBS industry" because they were "not connected to the particular securitizations in issue."  *Id.* at 24.[5]

*Second*, with respect to allegations concerning owner occupancy rates, Magistrate Judge Pitman held that the offering documents at issue "expressly note that the information concerning owner occupancy was based on the representations of the borrowers at the times of origination," and that, "[i]n the absence of an allegation that defendants misrepresented the borrowers' statements, the complaint does not allege that the owner occupancy representations are false."  *Id.* at 28-29.

*Third*, Magistrate Judge Pitman rejected allegations that defendants misrepresented that the mortgages would be transferred to the trusts because "the representations . . . that the depositor will assign the mortgages to the trust is, at best, a promise that an event will occur in the future" (*id.* at 35) and because IKB did "not allege that there was no intention to transfer the mortgages to the trusts at the time the offering documents were issued" (*id.* at 37).

*Finally,* with respect to alleged abandonment of underwriting guidelines, Magistrate Judge Pitman held that "defendants did not independently represent that the loans complied with the originators' underwriting guidelines" but, rather, "merely repeated the representations of the originators."  *Id.* at 49.  Thus, "[i]n the absence of an allegation of specific facts suggesting

---

[4] Although Magistrate Judge Pitman did not adopt all the arguments urged by defendants in the case, he recommended that the case be dismissed in its entirety.

[5] In adopting the R&R, Judge Kaplan emphasized that an expression of opinion is actionable only if "the speaker either did not in fact hold the opinion stated or because the speaker subjectively was aware that there was no reasonable basis for it."  Slip op. at 1.



The Honorable Laura T. Swain
April 7, 2014
Page 3

defendants' knowledge that the originators' representations were untrue, these allegations are insufficient to allege a misrepresentation." *Id.* at 50.

**Failure to allege scienter**

Judge Kaplan and Magistrate Judge Pitman held that IKB failed to allege scienter based on allegations that "defendants knew or should have known of the alleged misrepresentations in their offering documents as a result of their own due diligence review and the due diligence review of their consultant, Clayton." R&R at 50-51. In particular, Magistrate Judge Pitman noted that "the complaint does not identify the specific information that either did or should have came to light during the due diligence review, and therefore failed to allege fraudulent intent adequately." *Id.* at 51-53.

**Lack of reliance**

Judge Kaplan and Magistrate Judge Pitman held that IKB's complaint should be dismissed for lack of reliance because IKB purchased its certificates before the effective dates of the prospectus supplements that were alleged to contain the misrepresentations. *Id.* at 53-54. Magistrate Judge Pitman found this fact to be fatal to IKB's misrepresentation claims – despite allegations that plaintiffs received other offering materials and prior versions of the prospectus supplements – because "the only misrepresentations that plaintiffs identify with particularity are those set forth in the prospectus supplements." *Id.* at 54.

### *Space Coast Credit Union v. Merrill Lynch, Pierce, Fenner & Smith Inc. et al.*, 2014 WL 1230719 (S.D. Fla. Mar. 25, 2014)

On March 25, 2014, the court in *Space Coast Credit Union v. Merrill Lynch, Pierce, Fenner & Smith Inc. et al.* dismissed fraud-based claims brought by the assignee of a purchaser of collateralized debt obligations ("CDO") backed mainly by RMBS.[6] In dismissing plaintiff's amended complaint, the district court held, *inter alia*, that plaintiff failed to connect its allegations of fraudulent conduct to the specific CDOs at issue. Specifically, the court held that "[w]hile the Amended Complaint talks at length about the [rating agencies'] use of flawed RMBS ratings and correlation assumptions for CDOs in general, [plaintiff] offers no facts to support its conclusory assertions that these issues materially affected [its assignors'] CDO notes." 2014 WL 1230719, at *5. Moreover, as was also the case with Space Coast's initial complaint, the district court held that the amended complaint failed because it did not connect allegations based on information provided by Clayton Holdings to any specific mortgage-backed security that plaintiff's assignor had purchased, or identify "what percentage of the CDOs' assets were based on such loans." *Id.* Finally, the district court also focused on the fact that plaintiff's

---

[6] This was the district court's second dismissal of plaintiff Space Coast's claims, having dismissed a similar initial complaint against many of the same defendants approximately a year earlier. *See* 295 F.R.D. 540.



The Honorable Laura T. Swain
April 7, 2014
Page 4

"'loan-level' analyses consider[ed] only a fraction of" the "900 RMBSs containing more than 4.6 million loans" at issue in the action.  *Id.* at *6.  Because plaintiff did not specify "how it selected the loans in the samples it used, whether the chosen loans and the RMBSs containing them were fairly representative of the assets backing [the assignor's] CDO notes, and what percentage of the sampled loans and RMBSs were tied to each of the eight CDOs," the amended complaint "failed to plead sufficient facts to show that the Bank Defendants committed fraud."  *Id.* at 7.  The decision is attached as Exhibit C.

\*   \*   \*

This Court should grant Defendants' pending motion to dismiss for the reasons set forth above, in Defendant's March 11, 2014 letter to Your Honor, and in Defendants' briefs.  We thank the Court for its attention to this matter.

Respectfully submitted,

*/s/ Dorothy J. Spenner*

Dorothy J. Spenner

cc:  Counsel of record (by ECF)