# Labaton Sucharow

Mark S. Arisohn
Partner
212 907 0840 direct
212 883 7040 fax
marisohn@labaton.com

May 22, 2014

**By ECF**

The Honorable Laura Taylor Swain
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

Re:   *IKB International S.A. in Liquidation, et al. v. JP Morgan Chase & Co., et al.*,
      <u>No. 12 Civ. 4617 (LTS)(KNF)</u>

Dear Judge Swain:

We write respectfully on behalf of Plaintiffs in the above-referenced action to bring to the Court's attention a recent post-briefing decision that further supports Plaintiffs' opposition to Defendants' motion to dismiss.

<u>*Loreley Fin. (Jersey) No. 3 Ltd. v. Citigroup Global Markets Inc.*, 2014 N.Y. Slip Op. 03358, 2014 WL 1809781 (App. Div. 1st Dep't May 8, 2014)</u>

*Loreley* affirmed in relevant part the trial court's decision sustaining common law fraud claims asserted by entities that invested in Collateralized Debt Obligations ("CDOs") and CDOs squared, which were backed by RMBS and CDOs referencing RMBS, respectively.[1]  There, the plaintiffs generally alleged that the defendants who arranged, underwrote and sold the CDOs misrepresented, *inter alia*, the risks of investing in the CDOs and the quality of the assets underlying the CDOs mainly because they knew through the RMBS due diligence process, but failed to disclose, that the RMBS underlying the CDOs were pervaded by toxic mortgages originated in violation of underwriting guidelines.

Especially relevant is that the First Department, like the trial court, rejected the argument that the plaintiffs' allegations generally, and allegations concerning the RMBS securitization due diligence process premised on government investigations/reports and the Clayton Report specifically, were insufficiently detailed.  In doing so, the First Department held:

---

[1] The First Department's *Loreley* decision is attached hereto as Exhibit A.

# Labaton Sucharow

The Honorable Laura Taylor Swain
May 22, 2014
Page 2

> While the complaint fails to specify dates as to many of the relevant events, and fails to mention the Citigroup employees who were involved in these activities that comprised the fraudulent scheme, under the circumstances here, where the facts were generally peculiarly within the knowledge of the party against whom the [fraud] is being asserted, the misconduct complained of is set forth in sufficient detail to apprise Citigroup of the alleged wrongs. Given that the allegations must be given their most favorable intendment, it would be impossible for the plaintiff[s] to state the circumstances in more detail because, if the allegations are true, only [Citigroup] would have knowledge of the details.

*Id.* at *1-2 (internal quotations and citations omitted) (alterations in original). Notably, the court sustained the plaintiffs' fraud claims despite the plaintiffs' failure to specifically allege that Clayton performed diligence on the specific loans underlying the RMBS backing the CDOs.

Also relevant is the First Department's analysis relating to justifiable reliance (*id.* at *4-7). In particular, the First Department found defendants' general risk disclaimers did not preclude the plaintiff from adequately alleging justifiable reliance primarily because, similar to here, (1) the alleged misstatements and omissions concerned facts "peculiarly" within the defendants' knowledge; and (2) a review of market data or other publicly available information would not have revealed that the collateral underlying the CDOs' reference assets (*i.e.*, RMBS or CDOs backed by RMBS) was comprised of substantial numbers of mortgage loans that were originated in violation of underwriting guidelines. *Id.* at *6-7.

Respectfully submitted,

*[signature]*

Mark S. Arisohn

Attachment

cc:   All Counsel of Record
      (by ECF w/ Att.)