UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

IKB INTERNATIONAL S.A. IN LIQUIDATION
and IKB DEUTSCHE INDUSTRIEBANK AG,

      Plaintiffs,

      -v-                                 Nos.  12CV4617-LTS-KNF and
                                                            12CV4618-LTS-KNF

JPMORGAN CHASE & CO. et al.,

      Defendants.

--------------------------------------------------------x

## MEMORANDUM ORDER

In these removed and consolidated actions, IKB International S.A. in Liquidation and IKB Deutsche Industriebank AG (collectively, "Plaintiffs") assert state law claims against J.P. Morgan Chase & Co. and a variety of other defendant entities ("Defendants") based on the allegedly fraudulent sale of approximately $179,632,000 in residential mortgage-backed ("RMBS") certificates to Plaintiffs.  Plaintiffs initiated the actions in the Supreme Court of the State of New York by filing two Summonses with Notice, dated September 1, 2011, and February 23, 2012.  On June 13, 2012, Defendants removed the cases from the New York State Supreme Court, asserting that this Court had subject matter jurisdiction on the basis of 28 U.S.C. §§ 1452(a), 1334(b) and Fed. R. Bankr. P. 9027 ("Related to Removal") and 28 U.S.C. §§ 1441(a), 1331 and the Edge Act, 12 U.S.C. § 632 ("Edge Act Removal").  No other jurisdictional ground was invoked in the Notices of Removal.

On May 27, 2014, the Court ordered the Defendants to show the basis for jurisdiction in federal court, as Plaintiffs had dropped the claims upon which Defendants' Related to Removal was premised, leaving the Edge Act Removal as the only asserted basis for

federal jurisdiction. In its Order, the Court noted that the Consolidated Amended Complaint ("CAC") did not specify facts upon which Edge Act jurisdiction could lie and directed Defendants to demonstrate grounds for the exercise of such jurisdiction, advising the parties that the case would be remanded if Defendants failed to do so. (See May 27, 2014, Order, docket entry no. 58.) In their June 6, 2014, submission in response to the Court's Order, Defendants conceded that there was no basis for Edge Act jurisdiction but, for the first time, argued that this Court should retain jurisdiction of the case on a ground not identified in their Notices of Removal – namely, diversity jurisdiction. (See Defs' Subm., docket entry no. 62.)

On June 13, 2014, seven days after the Defendants filed their submission Plaintiffs filed opposition papers, arguing that the Defendants cannot invoke diversity jurisdiction when diversity could not have originally been a valid ground for removal and was not mentioned in the Notices of Removal. (See Pls' Opp., docket entry no. 65.) The Court has considered carefully the parties' submissions and arguments. For the following reasons, the Court hereby remands the cases to state court.

## DISCUSSION

Defendants' response to the Court's order to demonstrate a basis for the Edge Act jurisdiction claimed in their Notices of Removal is, in essence, an application to amend the Notices to assert diversity jurisdiction as the basis for litigation of Plaintiffs' claims, which all arise under state law, in this venue. Two statutory provisions present significant impediments to that effort. First, section 1441(b)(2) of Title 28 bars removal of an action on the basis of diversity jurisdiction "if any of the . . . defendants is a citizen of the State in which such action is brought." 28 U.S.C.S. §1441 (LexisNexis Supp. 2014). Defendants represent that their number

includes "citizens of New York." (Defs. Subm. at 3.) Any effort to remove this case on diversity grounds <u>ab</u> <u>initio</u> would thus have contravened the statute. Defendants proffer no reason why they should be permitted to do belatedly what they could not properly have done when they first removed this case from New York state court.

Second, section 1446 of the same title precludes removal on the basis of diversity jurisdiction "more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent the defendant from removing the action." 28 U.S.C.S. § 1446(c)(1) (LexisNexis Supp. 2014). Plaintiffs' state court actions were filed in September 2011 and February 2012; Defendants removed them to this Court in 2012. Defendants did not raise diversity as a jurisdictional ground until they filed their June 6, 2014, submission. Their invocation of diversity is clearly untimely; there is no allegation that any action by Plaintiff, much less any action taken in bad faith, prevented Defendants from asserting diversity as a basis for subject matter jurisdiction within the first year of the litigation.

Moreover, it is well recognized that a removal petition, which is required to state the grounds for removal, cannot be amended substantively after the 30-day window for filing of the petition has closed:

> A notice of removal is required to contain a "short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). The notice of removal generally must be filed within thirty days after the receipt of the initial state court pleading. 28 U.S.C. § 1446(b). A defendant may not amend its notice of removal after this thirty-day period to remedy a substantive defect in the petition. In <u>Stuart v. Adelphi Univ.</u>, No. 94 Civ. 4698, 1994 WL 455181 (S.D.N.Y. Aug. 19, 1994), the court explained: Courts generally agree that such leave [to amend a notice of removal] should be given only [when] the proposed amendments are technical in nature or merely serve to clarify what was contained in the original notice for removal, but not when the proposed amendment aims to

> remedy a fundamental defect in the original notice of
> removal or attempts to add a new ground for removal.

Wyant v. National R.R. Passenger Corp., 881 F. Supp. 919, 924 (S.D.N.Y. 1995).

Defendants argue that Plaintiffs have waived their right to challenge the exercise of diversity jurisdiction over this removed case because they did not file a motion to remand within thirty days after the filing of Defendant's Notices of Removal.  See 28 U.S.C. § 1447(c).  Instead, Plaintiffs stated in response to the Notices that they "did not oppose removal on Edge Act removal grounds."  (See Consolidated Complaint, docket entry no. 14 at ¶ 59, CAC, docket entry no. 24 at ¶ 59 .)  The Second Circuit has since ruled that the Edge Act does not provide a ground for subject matter jurisdiction in a case like the instant one.  See Am. Int'l Grp. v. Bank of Am. Corp., 712 F.3d 775 (2d Cir. 2013).  In their submission, Defendants concede that the Edge Act provides no proper basis for removal.

Plaintiffs' statement that they did not oppose removal on Edge Act grounds, does not address the unasserted diversity jurisdiction point at all, and there is no appropriate basis for construing it as a prospective waiver of the right to contest future efforts to assert new jurisdictional grounds.  See Arancio v. Prudential Ins. Co. of America, 247 F. Supp. 2d 333, 336-37 (S.D.N.Y. 2002) ("plaintiff can hardly be faulted for failing to object in a timely matter to a jurisdictional claim that [defendant] had not yet made.  Plaintiff promptly made its objection as soon as [defendant] sought to switch horses from federal question to diversity jurisdiction.  It is difficult to see how a rule prohibiting untimely amendment of removal notices could be enforced if plaintiffs seeking to raise the issue are deemed in turn to have filed inevitably untimely non-jurisdictional remand motions").  Once Defendants conceded that there was no basis for asserting federal jurisdiction under the Edge Act, Plaintiffs filed opposition papers seeking

remand within seven days of the Defendants' submission.  (See Pls' Opp., docket entry no. 65.)[1]

Permitting Defendants to untimely amend their jurisdictional basis for removal and proceed in this Court on the basis of diversity jurisdiction over Plaintiffs' objection would fly in the face of the general rule that "federal courts construe the removal statute narrowly, resolving any doubt against removability."  Lupo v. Human Affairs Int'l, Inc., 28 F.3d 269, 274 (2d Cir. 1994).[2]  This the Court declines to do.

## CONCLUSION

For the foregoing reasons, Plaintiffs' request to remand this consolidated action to the New York County Supreme Court is granted.

The related actions (12CV4617-LTS-KNF and 12CV4618-LTS-KNF), consolidated under the caption 12CV4617-LTS-KNF, are hereby remanded.

The Clerk of Court is requested to terminate docket entry number 25 in the case captioned 12CV4617-LTS-KNF and docket entry number 18 in the case captioned 12CV4618-LTS-KNF and effectuate the remand promptly to the Supreme Court of the State of New York,

---

[1] Defendants cite, inter alia, Bailey v. Texas Co., 47 F.2d 153 (2d Cir. 1931) in support of their argument that, if there is no timely objection to removal, "the resulting situation is equivalent to initiating an action in the District court in which the defendant appears."  As Plaintiffs point out, in all of the cases that the Defendants cite except for one, which is otherwise distinguishable, diversity was raised as a ground in the petition for removal, and the plaintiff failed to object.  Here, Plaintiffs never consented to removal on the basis of diversity jurisdiction.

[2] Defendants' invocation of Grubbs v. General Elec. Credit Corp., 405 U.S. 699, 702 (1972), where the court held that "where after removal a case is tried on the merits without objection and the federal court enters judgment, the issue in subsequent proceedings on appeal is not whether the case was properly removed, but whether the federal district court would have had original jurisdiction of the case had it been filed in that court" is unavailing.  There has been no determination on the merits of Plaintiffs' claims, and Plaintiffs have asserted a timely objection to Defendants' proffer of diversity as a basis for the exercise of jurisdiction over this removed case.


New York County.

    SO ORDERED.

Dated: New York, New York
      June 27, 2014

                                      /s/ Laura Taylor Swain
                                  LAURA TAYLOR SWAIN
                                  United States District Judge